Alan E. Wisotsky – State Bar No. 68051
James N. Procter II – State Bar No. 96589
Brian P. Keighron – State Bar No. 71445
WISOTSKY, PROCTER & SHYER
300 Esplanade Drive, Suite 1500
Oxnard, California 93036
Phone:  (805) 278-0920
Facsimile: (805) 278-0289
Email:  bkeighron@wps-law.net

Attorneys for Defendants,
     CITY OF OXNARD; THE OXNARD POLICE
     DEPARTMENT; THE CHIEF OF POLICE FOR
     THE OXNARD POLICE DEPARTMENT, JERI
     WILLIAMS; SENIOR OFFICER JOHN
     BRISSLINGER; OFFICER ERNIE OROZCO;
     OFFICER DON EHRHARDT; OFFICER JESS
     ARAGON; OFFICER ROCKY MARQUEZ;
     OFFICER PEDRO RODRIGUEZ; OFFICER
     RYAN LOCKNER; OFFICER ZACK STILES;
     and OFFICER MATTHEW ROSS

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| THE ESTATE OF ALFONSO LIMON, JR., et al.,<br><br>     Plaintiffs,<br><br>     v.<br><br>CITY OF OXNARD, et al.,<br><br>     Defendants. | CASE NO. CV13-01961 SS<br><br>**NOTICE OF MOTION AND MOTION BY DEFENDANTS TO STAY CIVIL PROCEEDINGS UNTIL COMPLE-TION OF DISTRICT ATTORNEY CRIMINAL INVESTIGATION; MEMORANDUM OF POINTS AND AUTHORITIES; DECLARATIONS OF BRIAN P. KEIGHRON AND CHRISTOPHER HARMAN**<br><br>Date:    December 3, 2013<br>Time:    10:00 a.m.<br>Ctrm:   23 |

TO ALL PARTIES AND TO THEIR ATTORNEYS OF RECORD:

     PLEASE TAKE NOTICE that on December 3, 2013, at 10:00 a.m., or as soon thereafter as the parties may be heard, in Courtroom 23 of the above-entitled court, located at 312 N. Spring Street, Los Angeles, California, Hon. Suzanne H. Segal, Chief Magistrate Judge presiding, defendants CITY OF OXNARD, OXNARD

i

POLICE DEPARTMENT, CHIEF JERI WILLIAMS, JOHN BRISSLINGER, ERNIE OROZCO, DON EHRHARDT, JESS ARAGON, ROCKY MARQUEZ, PEDRO RODRIGUEZ, RYAN LOCKNER, ZACK STILES, and MATTHEW ROSS will bring for hearing a motion to stay the civil proceedings for a period of six months during the pendency of the Ventura County District Attorney's Office criminal investigation of the incident which is the subject matter of the litigation.

The grounds for the motion are that permitting civil discovery while a criminal investigation is pending would prejudice the individual officer defendants, who may be forced to choose between asserting their Fifth Amendment rights and being subjected to liability in the civil case. Upon entry of the stay, the defendants will agree to provide the Court with status updates every two months regarding the criminal investigation.

This motion is based on the memorandum of points and authorities attached hereto, the attached declarations of Brian P. Keighron and Senior Deputy District Attorney Christopher Harman, and upon such other and further pleadings and evidence which may be provided at the hearing.

This motion is made following the meet-and-confer conference of counsel, pursuant to Local Rule 7-3, which commenced on October 11, 2013, and was concluded on November 4, 2013.

DATED: November 5, 2013          WISOTSKY, PROCTER & SHYER


By: _____
        Brian P. Keighron
        Attorneys for Defendants,
        CITY OF OXNARD, OXNARD POLICE
        DEPARTMENT, JERI WILLIAMS, JOHN
        BRISSLINGER, ERNIE OROZCO, DON
        EHRHARDT, JESS ARAGON, ROCKY
        MARQUEZ, PEDRO RODRIGUEZ,
        RYAN LOCKNER, ZACK STILES, and
        MATTHEW ROSS

WISOTSKY, PROCTER & SHYER
ATTORNEYS AT LAW
300 ESPLANADE DRIVE, SUITE 1500
OXNARD, CALIFORNIA 93036
TELEPHONE (805) 278-0920

# TABLE OF CONTENTS

**PAGE**

TABLE OF AUTHORITIES ..................................................................................... iv

MEMORANDUM OF POINTS AND AUTHORITIES ............................................ 1

I.   FACTS ................................................................................................. 1

    A.   Shooting Incident and Investigation .................................... 1

    B.   Defense Counsel Discussions with Plaintiff's Counsel
re Stay of Proceedings ......................................................... 2

    C.   Noticing of Depositions ....................................................... 2

    D.   Meet-and-Confer Efforts ...................................................... 3

II.   THE COURT HAS INHERENT AUTHORITY TO STAY
THIS ACTION DURING THE PENDENCY OF THE
DISTRICT ATTORNEY'S CRIMINAL INVESTIGATION ................ 4

III.   A REVIEW AND CONSIDERATION OF THE RELEVANT
FACTORS AS TO WHY A STAY SHOULD BE GRANTED
WEIGHS IN FAVOR OF GRANTING A STAY IN THIS
CASE ................................................................................................... 5

    A.   Interests of the Plaintiffs ...................................................... 6

    B.   Burden Imposed on Defendants ............................................ 7

    C.   Interests of the Court .......................................................... 12

    D.   Interests of Non-Parties (District Attorney's Office) ......... 13

    E.   Interests of Public in Pending Civil and Criminal
Litigation ............................................................................ 13

IV.   DEFENDANTS REQUEST A STAY OF PROCEEDINGS
FOR SIX MONTHS WITH A REQUIREMENT THAT
DEFENDANTS PROVIDE STATUS REPORTS TO THE
COURT AND PLAINTIFFS EVERY 60 DAYS ............................... 14

V.   CONCLUSION ................................................................................. 15

DECLARATION OF BRIAN P. KEIGHRON ..................................................... 16

DECLARATION OF CHRISTOPHER HARMAN ............................................. 19

WISOTSKY, PROCTER & SHYER
ATTORNEYS AT LAW
300 ESPLANADE DRIVE, SUITE 1500
OXNARD, CALIFORNIA 93036
TELEPHONE (805) 278-0920

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

iii

# TABLE OF AUTHORITIES

**PAGE**

## FEDERAL CASES

*Advance Power Systems, Inc. v. High Tech Systems, Inc.*
  148 F.R.D. 138 (E.D. Pa. 1993) ............................................................ 9

*American Express Business Finance Corp. v.*
*R.W. Professional Leasing Services Corp.*
  225 F.Supp.2d 263 (E.D. N.Y. 2002) .................................................. 10

*Baxter v. Palmigiano*
  425 U.S. 308 (7th Cir. 1995) ................................................................ 8

*Brock v. Tolkow*
  109 F.R.D. 116 (E.D. N.Y. 1985) ....................................................... 13

*Campbell v. Eastland*
  307 F.2d 478 (5th Cir. 1962) ............................................................ 4, 7

*Dienstag v. Bronsen*
  49 F.R.D. 327 (S.D. N.Y. 1970) ......................................................... 11

*Doe v. Sipper*
  869 F.Supp.2d 113 (D. D.C. 2012) ....................................................... 9

*Dominguez v. Hartford Financial Services Group, Inc.*
  530 F.Supp.2d 902 (S.D. Tex. 2008) .................................................. 11

*Federal Insurance Co. v. Tabb*
  1991 WL 113204 (N.D. Ill. 1991) ...................................................... 11

*Hoffman v. United States*
  341 U.S. 479 (1951) ............................................................................ 8

*Kaeppler v. Jas. H. Matthews & Co.*
  200 F.Supp. 229 (E.D. Pa. 1961) ......................................................... 4

*Keating v. Office of Thrift Supervision*
  45 F.3d 322 (9th Cir. 1995) ............................................................ 5, 13

*Landis v. North American Co.*
  299 U.S. 248 (1936) ............................................................................ 4

*Librado v. M.S. Carriers, Inc.*
  2002 WL 31495988 (N.D. Tex. 2002) ................................................ 10

*National Discount Corp. v. Holzbaugh*
  13 F.R.D. 236 (E.D. Mich. 1952) ......................................................... 7

*Nichols v. Philadelphia Tribune Co.*
  22 F.R.D. 89 (E.D. Pa. 1958) ............................................................... 4

WISOTSKY, PROCTER & SHYER
ATTORNEYS AT LAW
300 ESPLANADE DRIVE, SUITE 1500
OXNARD, CALIFORNIA 93036
TELEPHONE (805) 278-0920

iv

*Paul Harrigan & Sons, Inc. v. Enterprise Animal Oil Co., Inc.*
   14 F.R.D. 333 (E.D. Pa. 1953) ........................................................... 7

*Perry v. McGuire*
   36 F.R.D. 272 (S.D. N.Y. 1964) ...................................................... 4, 7

*Securities and Exchange Commission v. Dresser Industries, Inc.*
   628 F.2d 1368 (D.C. Cir. 1980) ............................................. 9, 13, 14

*Spevack v. Klein*
   385 U.S. 511 (1967) ......................................................................... 8

*United States v. 30 Individually Cartoned Jars . . . 'Ahead Hair Restorer . . . ,'*
   43 F.R.D. 181 (D. Del. 1967) ............................................................ 4

*United States v. $2,437 United States Currency*
   36 F.R.D. 257 (E.D. N.Y. 1964) ....................................................... 4

*United States v. Bridges*
   86 F.Supp. 931 (N.D. Cal. 1949) ...................................................... 4

*United States v. Cigarette Merchandisers Assn.*
   18 F.R.D. 497 (S.D. N.Y. 1955) ....................................................... 4

*United States v. Kordel*
   397 U.S. 1 (1970) .......................................................................... 4, 9

*United States v. Linen Supply Institute*
   18 F.R.D. 452 (S.D. N.Y. 1955) ....................................................... 4

*United States v. Maine Lobstermen's Assn.*
   22 F.R.D. 199 (D. Me. 1958) ............................................................. 4

*United States v. One 1964 Cadillac Coupe DeVille*
   41 F.R.D. 352 (S.D. N.Y. 1966) ....................................................... 4

*United States v. Steffes*
   35 F.R.D. 24 (D. Mont. 1964) ........................................................... 4

*Volmar Distributors, Inc. v. New York Post Co., Inc.*
   152 F.R.D. 36 (S.D. N.Y. 1993) .................................................... 5, 10

*Walsh Securities, Inc. v. Cristo Property Management, Ltd.*
   7 F.Supp.2d 523 (D. N.J. 1998) ...................................................... 11

**STATE CASES**

*Pacers Inc. v. Superior Court*
   162 Cal.App.3d 686 (1984) ........................................................... 7, 8

WISOTSKY, PROCTER & SHYER
ATTORNEYS AT LAW
300 ESPLANADE DRIVE, SUITE 1500
OXNARD, CALIFORNIA 93036
TELEPHONE (805) 278-0920

# MEMORANDUM OF POINTS AND AUTHORITIES

## I.

## FACTS

**A.    Shooting Incident and Investigation**

This case arises out of an officer-involved shooting incident which occurred on Saturday, October 13, 2012, at approximately 10:00 p.m.  Oxnard police officers attempted to make a traffic stop on a vehicle which contained three male subjects. After the driver of the vehicle stopped in the area of Second Street and Grand Avenue, the occupants refused to comply with the police officers' instructions to show their hands and exit the vehicle.  After more than ten minutes, the driver suddenly drove away from the scene and was pursued by several officers in police vehicles.

After a few blocks, the driver stopped his vehicle, and two of the occupants exited the vehicle and ran from the pursuing officers.  The officers chased the suspects on foot and were fired upon by a suspect.  The officers returned fire, and the suspects continued to flee on foot.

Decedent Alfonso Limon, Jr., and his brother, Gerardo Limon, arrived at the scene while the officers were exchanging gunfire with the suspects.  An armed suspect took refuge in a parking lot approximately 60 feet behind Alfonso Limon. During the course of the incident, Mr. Limon was mistaken to be one of the armed suspects and was fired upon by officers.  Unfortunately, Mr. Limon's injuries proved fatal.

The Ventura County Sheriff's Office conducted the investigation of the incident.  That investigation was forwarded to the Ventura County District Attorney's Office, which is now conducting a criminal investigation and review of the incident.

The District Attorney's Office's investigation and review are expected to take several months (declaration of Senior Deputy District Attorney Christopher Harman, p. 19 of this motion, lines 13-14).

1

The pendency of the District Attorney's criminal investigation has raised the specter of individual police officer defendants having to assert their Fifth Amendment rights in response to discovery propounded by the plaintiffs in this civil action, in the form of recently scheduled depositions and document productions.

**B.**     **Defense Counsel Discussions with Plaintiffs' Counsel re Stay of Proceedings**

At the May 16, 2013, Rule 26 prescheduling conference early meeting of counsel, defendants first raised the issue with plaintiffs that it might be necessary for defendants to seek a stay of proceedings pending District Attorney review of the incident. The possibility of defendants making a motion for stay of proceedings was also raised by defense counsel Alan Wisotsky at the June 11, 2013, scheduling conference. Following the scheduling conference, although the parties did not formally agree or stipulate to a stay, a "de facto stay" was basically observed while the criminal investigation was pending, i.e., neither the plaintiffs nor the defendants propounded discovery on each other. As recently as October 7, 2013, the parties discussed the possibility of continuing the trial until fall 2014, given that the District Attorney's Office had not made a decision. Defense counsel advised plaintiffs' counsel on October 7, 2013, that defendants would be willing to prepare a stipulation to modify the scheduling order to continue the trial to October 21, 2014. Plaintiffs' counsel indicated that he would check to make sure it was not a problem.

**C.**     **Noticing of Depositions**

Three days later, on October 10, 2013, plaintiffs' counsel's office called defense counsel indicating that plaintiffs would like to take the depositions of a PMK from the City of Oxnard and a PMK from the Oxnard Police Department during the week of November 18, 2013. On October 15, 2013, defense counsel received (1) a notice of deposition and request for production of documents of the City of Oxnard PMK for November 19, 2013, and (2) a notice of deposition and request for production of documents of the Oxnard Police Department PMK for November 19,

WISOTSKY, PROCTER & SHYER
ATTORNEYS AT LAW
300 ESPLANADE DRIVE, SUITE 1500
OXNARD, CALIFORNIA 93036
TELEPHONE (805) 278-0920

2013. These notices were apparently served by plaintiffs' counsel on October 15, 2013.

Then, on October 24, 2013, defendants received notices of deposition and requests for production of documents for the following individual officer defendants. The depositions and document productions were scheduled as follows:

1. Officer John Brisslinger – November 26, 2013;

2. Officer Ernie Orozco – November 27, 2013;

3. Officer Don Ehrhardt – December 2, 2013;

4. Officer Jess Aragon – December 3, 2013;

5. Officer Rocky Marquez – December 4, 2013;

6. Officer Pedro Rodriguez – December 5, 2013;

7. Officer Ryan Lockner – December 6, 2013;

8. Officer Zack Stiles – December 9, 2013; and

9. Officer Matt Ross – December 10, 2013.

**D.    Meet-and-Confer Efforts**

On October 25, 2013, the day after the notices for the depositions of the individual officers were received, defense counsel initiated meet-and-confer proceedings pursuant to Local Rule 7-3, informing plaintiffs' counsel by e-mail and regular mail of defendants' intention to seek a stay of proceedings and protective order while the District Attorney's criminal investigation was pending. On November 4, 2013, defense counsel and plaintiffs' counsel discussed defendants' motion. Plaintiffs' counsel indicated that while the plaintiffs would like to conduct discovery, they understand the situation and do not anticipate opposing the motion.

/ / /

/ / /

/ / /

/ / /

/ / /

WISOTSKY, PROCTER & SHYER
ATTORNEYS AT LAW
300 ESPLANADE DRIVE, SUITE 1500
OXNARD, CALIFORNIA 93036
TELEPHONE (805) 278-0920

**II.**

**THE COURT HAS INHERENT AUTHORITY TO STAY THIS ACTION DURING THE PENDENCY OF THE DISTRICT ATTORNEY'S CRIMINAL INVESTIGATION**

A federal district court has inherent discretionary power to stay any action within its jurisdiction. *Landis v. North American Co.*, 299 U.S. 248, 254 (1936). "[T]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Id.* at 254.

This power may be properly exercised in order to defer civil proceedings pending the outcome of related criminal proceedings whenever "the ends of justice seem to require such an action." *United States v. Kordel*, 397 U.S. 1, 12, n.27 (1970) ["Federal courts have deferred civil proceedings pending the completion of parallel criminal prosecutions when the interests of justice seemed to require such action, sometimes at the request of the prosecution, *Campbell v. Eastland*, 5 Cir., 307 F.2d 478, *cert. denied*, 371 U.S. 955, 83 S.Ct. 502, 9 L.Ed.2d 502; *United States v. Bridges*, D.C., 86 F.Supp. 931, 933; *United States v. 30 Individually Cartoned Jars . . . 'Ahead Hair Restorer . . . ,'* D.C., 43 F.R.D. 181, 187 n. 8; *United States v. One 1964 Cadillac Coupe DeVille*, D.C., 41 F.R.D. 352, 353-354; *United States v. $2,437 United States Currency*, D.C., 36 F.R.D. 257; *United States v. Steffes*, D.C., 35 F.R.D. 24; *United States v. Maine Lobstermen's Assn.*, D.C., 22 F.R.D. 199; *United States v. Cigarette Merchandisers Assn.*, D.C., 18 F.R.D. 497; *United States v. Linen Supply Institute*, D.C., 18 F.R.D. 452; sometimes at the request of the defense, *Kaeppler v. Jas. H. Matthews & Co.*, D.C., 200 F.Supp. 229; *Perry v. McGuire*, D.C., 36 F.R.D. 272; *cf. Nichols v. Philadelphia Tribune Co.*, D.C., 22 F.R.D. 89, 92"].

In the instant case, the shooting incident which is the subject matter of the civil litigation involves the identical set of facts and circumstances which are being

WISOTSKY, PROCTER & SHYER
ATTORNEYS AT LAW
300 ESPLANADE DRIVE, SUITE 1500
OXNARD, CALIFORNIA 93036
TELEPHONE (805) 278-0920

WISOTSKY, PROCTER & SHYER
ATTORNEYS AT LAW
300 ESPLANADE DRIVE, SUITE 1500
OXNARD, CALIFORNIA 93036
TELEPHONE (805) 278-0920

reviewed by the Ventura County District Attorney's Office in its criminal investigation.

### III.

### A REVIEW AND CONSIDERATION OF THE RELEVANT FACTORS AS TO WHY A STAY SHOULD BE GRANTED WEIGHS IN FAVOR OF GRANTING A STAY IN THIS CASE

The Ninth Circuit in *Keating v. Office of Thrift Supervision*, 45 F.3d 322, 324-25 (9th Cir. 1995), set forth the factors to be considered by the court in determining whether a civil action should be stayed.  The factors that the court may consider are:

> (1)    the interest of the plaintiffs in proceeding expeditiously with this litigation or any particular aspect of it, and the potential prejudice to plaintiffs of a delay;

> (2)    the burden which any particular aspect of the proceedings may impose on defendants;

> (3)    the convenience of the court in the management of its cases, and the efficient use of judicial resources;

> (4)    the interests of persons not parties to the civil litigation; and

> (5)    the interest of the public in the pending civil and criminal litigation.

*Keating*, 45 F.3d at 324-25.

Balancing these factors is a case-by-case determination, with the basic goal being to avoid prejudice.  *Volmar Distributors, Inc. v. New York Post Co., Inc.*, 152 F.R.D. 36, 39 (S.D. N.Y. 1993).

The following is a review of the factors to be considered by the Court in determining whether a stay is appropriate.

/ / /

5

**A.**    <u>**Interests of the Plaintiffs**</u>

It should be first noted that this shooting incident occurred a little over 12 months ago, on October 13, 2012.  While the plaintiffs have an interest in concluding the civil litigation as expeditiously as possible, lawsuits are often not even commenced until up to two years after an incident.  In cases involving litigation against public entities and the requirement that plaintiffs file government tort claims prior to proceeding with state-law claims, it is not uncommon for plaintiffs to wait a year and a half or more before even filing a civil complaint for damages.

The need to conduct formal discovery and depositions is seldom an issue during that 12- to 18-month period after an incident occurred.  A moderate delay of discovery in this civil action will not likely cause any significant increase in the danger of prejudice to the parties resulting from the loss of evidence, including the inability of witnesses to recall specific facts.  In fact, most of the physical evidence is likely in the hands of the Ventura County District Attorney's Office and has likely been preserved and catalogued.  The parties in the civil action, both plaintiffs and defendants, may indeed benefit from the preservation of witness statements and testimony undertaken by the District Attorney's Office.

In addition, nothing inhibits the plaintiffs from obtaining their own witness statements and site investigations and retaining expert witnesses during a stay. Further, the civil case could certainly be settled if a stay is granted; indeed, the parties already engaged in private mediation in July, 2013.  Although the civil case conceivably could also be resolved if a stay is denied, any resolution would likely result in an unfair outcome, as the defendants' hands will be tied with regard to their ability to mount a complete and meaningful defense, without the fear of self-incrimination, while the criminal investigation is pending.

In the instant case, imposition of a stay of civil discovery may delay the final resolution of the civil case.  However, the civil lawsuit seeks money damages and not any time-sensitive remedy, such as specific performance of a contract or an

WISOTSKY, PROCTER & SHYER
ATTORNEYS AT LAW
300 ESPLANADE DRIVE, SUITE 1500
OXNARD, CALIFORNIA 93036
TELEPHONE (805) 278-0920

injunction.  Once the stay is lifted, the litigants will have a full opportunity for any appropriate discovery, ensuring that their interests in preparation of the civil case are not adversely affected.

In short, there will be minimal prejudice to the plaintiffs resulting from the issuance of a stay of proceedings by the Court at this time.

**B.    Burden Imposed on Defendants**

The burden to the individual defendants in this case is by far the strongest factor that the Court should consider in determining whether or not to issue the stay.

Federal courts have consistently held that when both civil and criminal proceedings arise out of the same or related transactions, an objecting party is generally entitled to a stay of discovery in the civil action until disposition of the criminal matter.  See, e.g., *Campbell v. Eastland*, *supra*, 307 F.2d 478; *Perry v. McGuire*, *supra*, 36 F.R.D. 272; *Paul Harrigan & Sons, Inc. v. Enterprise Animal Oil Co., Inc.*, 14 F.R.D. 333 (E.D. Pa. 1953); *National Discount Corp. v. Holzbaugh*, 13 F.R.D. 236 (E.D. Mich. 1952).

California courts also follow the federal lead in granting stays of civil proceedings to avoid prejudice to civil defendants.  In *Pacers Inc. v. Superior Court*, 162 Cal.App.3d 686, 688-689 (1984), the court noted:

> The rationale of the federal cases is based on Fifth Amend-
> ment principles as well as the inherent unfairness of
> compelling disclosure of a criminal defendant's evidence
> and defenses before trial. Under these circumstances, the
> prosecution should not be able to obtain, through the
> medium of the civil proceedings, information to which it
> was not entitled under the criminal discovery rules.

*Pacers Inc.* at 690.

In the instant case, like the petitioners in *Pacers*, the individual officers are not criminal defendants at the present time.  However, they have no way of knowing

WISOTSKY, PROCTER & SHYER
ATTORNEYS AT LAW
300 ESPLANADE DRIVE, SUITE 1500
OXNARD, CALIFORNIA 93036
TELEPHONE (805) 278-0920

whether they might be threatened with criminal prosecution until such time as there is a completion of the District Attorney's investigation of the incident.  Indeed, "[t]o allow the prosecutors to monitor the civil proceedings hoping to obtain incriminating testimony from [the defendants] through civil discovery would not only undermine the Fifth Amendment privilege but would also violate concepts of fundamental fairness." *Pacers*, *supra*, at 690.

*The general principle is that a party asserting the Fifth Amendment privilege should suffer no penalty for his silence*.  *Baxter v. Palmigiano*, 425 U.S. 308, 318 (7th Cir. 1995).  "In this context 'penalty' is not restricted to fine or imprisonment.  It means, as [the Court] said in *Griffin v. California*, 380 U.S. 609 …, the imposition of any sanction which makes assertion of the Fifth Amendment privilege 'costly.'"  *Spevack v. Klein*, 385 U.S. 511, 515 (1967).  Further, the privilege against self-incrimination extends to all aspects of a civil trial.   The protection is broad.  Privileged information "does not merely encompass evidence which may lead to criminal conviction, but includes information which would furnish a link in a chain of evidence that could lead to prosecution."  *Hoffman v. United States*, 341 U.S. 479, 486 (1951).

A court should not force civil litigation defendants to choose between their silence and the loss through judicial process of a substantial amount of property.  If the individual defendants are required to choose the exercise of a fundamental constitutional right, their inability to testify on their own behalf because they assert a Fifth Amendment privilege makes asserting that privilege "costly"  ["any sanction which makes assertion of the Fifth Amendment privilege 'costly'" must be limited – *Spevack* at 515].  Civil defendants should not be made to choose between adequately defending themselves in the civil matter and potentially producing self-incriminating evidence which can be used against them in a criminal matter, or invoking their Fifth Amendment privilege in the civil matter and therefore suffering the loss of substantial

/ / /

WISOTSKY, PROCTER & SHYER
ATTORNEYS AT LAW
300 ESPLANADE DRIVE, SUITE 1500
OXNARD, CALIFORNIA 93036
TELEPHONE (805) 278-0920

property. Such alternatives make a defendant's option of invoking his or her Fifth Amendment rights unnecessarily costly, unfair, and prejudicial.

Numerous federal courts have ordered stays of civil proceedings where criminal proceedings have not been completed. The federal courts have also held that there need not be an indictment or actual criminal charges filed prior to the imposition of a stay. In *Doe v. Sipper*, 869 F.Supp.2d 113 (D. D.C. 2012), a former employee sued a company executive for allegedly raping her. The defendant executive moved to stay the action or, in the alternative, obtain a protective order that his deposition would not be taken pending the outcome of the criminal proceedings. An indictment had not yet been issued. The *Sipper* court noted that the civil and criminal actions indisputably stemmed from identical events. If both cases proceeded at the same time, this could implicate the defendant's Fifth Amendment rights, and the defendant would be forced to choose between waiving his Fifth Amendment right to defend himself in the civil suit or "asserting the privilege and probably losing the civil case." *Sipper* at 116.

In *Sipper*, the plaintiff argued that there was no parallel criminal action because the defendant had not been indicted. However, a criminal indictment is not necessary in order to grant a stay of parallel civil proceedings. See *United States v. Kordel*, *supra*, 397 U.S. at 3 (court considered motion to stay prior to institution of criminal action); *Securities and Exchange Commission v. Dresser Industries, Inc.*, 628 F.2d 1368, 1371-1374 (D.C. Cir. 1980) (court considered motion to stay prior to outcome of grand jury investigation). A stay in the civil proceeding prior to indictment remains within a court's inherent powers.

In *Advance Power Systems, Inc. v. High Tech Systems, Inc.*, 148 F.R.D. 138 (E.D. Pa. 1993), a burglary of the plaintiff's business by the agency's employees prompted both a civil lawsuit and criminal charges against the four responsible employees. One criminal defendant refused to answer a string of questions concerning the events for fear of self-incrimination. In granting a stay, the court

WISOTSKY, PROCTER & SHYER
ATTORNEYS AT LAW
300 ESPLANADE DRIVE, SUITE 1500
OXNARD, CALIFORNIA 93036
TELEPHONE (805) 278-0920

9

reasoned that neither the plaintiff nor the defendant had described any harm likely to accompany the postponement of the proceedings, other that the possible impairment of witnesses' memories that can accompany any delay. The court concluded that the balance struck in favor of extending the discovery deadline.

In *Volmar Distributors, Inc. v. New York Post Co., Inc.*, *supra*, 152 F.R.D. 36, the court stayed civil discovery and noted that the burden to the plaintiffs with a stay was simply not great enough to out-balance the significant prejudice to the defendants if a stay was not issued. The court commented that denying a stay could undermine the defendants' Fifth Amendment privilege against self-incrimination and could expose the basis of the defense to the prosecution in advance of trial or otherwise prejudice the case. The court concluded that the balance of the parties' interest tipped in favor of staying discovery as to the defendants in order to preserve their Fifth Amendment rights.

In *Librado v. M.S. Carriers, Inc.,* 2002 WL 31495988 (N.D. Tex. 2002), the court stayed a civil action involving a vehicular collision pending the resolution of a concurrent criminal case arising out of the accident. The plaintiffs complained that the criminal case against the individual defendant was proceeding slowly and uncertainly with no specific trial date. Although the court acknowledged the plaintiffs' interest in proceeding expeditiously with a civil trial, the court nevertheless stayed the action pending the resolution of the criminal case.

In *American Express Business Finance Corp. v. R.W. Professional Leasing Services Corp.*, 225 F.Supp.2d 263 (E.D. N.Y. 2002), the court stayed a civil action brought against a company providing leased administrative services and two of its executive officers who also faced a criminal fraud case based on the same facts, finding that the risk of impairing the parties' Fifth Amendment rights presents a stronger case for staying discovery, particularly when there are similar issues between the civil and criminal cases.

/ / /

WISOTSKY, PROCTER & SHYER
ATTORNEYS AT LAW
300 ESPLANADE DRIVE, SUITE 1500
OXNARD, CALIFORNIA 93036
TELEPHONE (805) 278-0920

In *Dienstag v. Bronsen*, 49 F.R.D. 327 (S.D. N.Y. 1970), the court stayed a civil securities action until disposition of a pending criminal case. Noting that a delay would undoubtedly cause inconvenience to the plaintiffs, protection of the defendants' constitutional rights against self-incrimination was deemed the more important consideration.

The court in *Dominguez v. Hartford Financial Services Group, Inc.*, 530 F.Supp.2d 902 (S.D. Tex. 2008), stayed a civil action during the pendency of a related civil case based on an expected invocation of the individual defendant's Fifth Amendment privileges.

In *Walsh Securities, Inc. v. Cristo Property Management, Ltd.*, 7 F.Supp.2d 523 (D. N.J. 1998), a mortgagee sued several defendants for allegedly fraudulent real estate transactions, and where the defendant also faced related federal criminal investigations, the court ruled that a stay of the civil discovery was warranted even though the defendants had not yet been indicted. Even though an indictment had not yet been returned, the government was conducting an active parallel criminal investigation. The court noted that the defendants had indicated that they would assert their Fifth Amendment privileges and accordingly granted the defendants' motion and stayed discovery until a specified date.

The court in *Federal Insurance Co. v. Tabb*, 1991 WL 113204 (N.D. Ill. 1991), stayed a civil case in the face of a tandem criminal matter, although the civil defendant who sought the stay had not been indicted yet. The court pointed out that the defendant's interest in postponing the civil case was great, as it was conceivable that the broad scope of civil discovery could present to the prosecutors an irresistible temptation to use that discovery to their advantage in the criminal case. In contrast to the burden on the defendant if the case moved forward, the court noted that the possible prejudice to the plaintiff of a limited stay of the action was relatively slight, and the court granted the defendant's motion for a stay.

/ / /

11

Parties facing parallel civil and criminal proceedings are in an unenviable position, primarily since the scope of civil discovery is so much broader than that in the criminal realm, and thus a party's defense of civil claims may threaten the Fifth Amendment privilege against self-incrimination, particularly vis-à-vis testimony that would impact the criminal proceedings. As set forth above, federal courts have consistently held that the pendency of parallel or related criminal proceedings may provide a basis for postponing the civil proceeding under certain conditions, after the weighing of competing interests.

If the civil defendants are not granted a stay of the civil proceedings, the individual officers will have to choose between providing potentially self-incriminatory information for use in a criminal matter or not adequately defending themselves in the civil matter. This is the very conundrum that a stay is designed to alleviate. Accordingly, a balancing of the relevant factors and interests strongly supports a stay of proceedings in this civil case.

## C.    Interests of the Court

A third factor to be considered is the convenience of the Court in the management of its cases and the efficient use of judicial resources. Although the Court has an interest in the speedy resolution of cases, it would not be an efficient use of judicial resources for the civil case to proceed where a trial on the merits may likely be made impracticable while the criminal proceedings are pending. Defendants may be unable to fully participate in the defense of the civil matter while the criminal matter is pending. If a stay is not granted, a large part of the Court's time will be spent litigating Fifth Amendment discovery disputes that could be avoided with the imposition of the stay. Further, judicial resources spent moving the case to trial are not best served when it is difficult, if not impossible, for each individual defendant to prepare or complete an adequate defense without fear of self-incrimination.

The Court's interest in fair and timely resolution of cases would be served by the issuance of a stay.

WISOTSKY, PROCTER & SHYER
ATTORNEYS AT LAW
300 ESPLANADE DRIVE, SUITE 1500
OXNARD, CALIFORNIA 93036
TELEPHONE (805) 278-0920

WISOTSKY, PROCTER & SHYER
ATTORNEYS AT LAW
300 ESPLANADE DRIVE, SUITE 1500
OXNARD, CALIFORNIA 93036
TELEPHONE (805) 278-0920

**D.      Interests of Non-Parties (District Attorney's Office)**

A fourth factor is the interests of persons not parties to the civil litigation.  The Ventura County District Attorney's Office has expressed its strong desire that the civil proceedings be stayed.  See Harman declaration, p. 19:14-18 ["It is imperative that civil proceedings be stayed until completion of the criminal investigation.  Disclosure of confidential investigative materials will compromise the District Attorney's Office's ability to interview witnesses and fully and completely determine the facts and circumstances underlying the criminal investigation into the incident"].  Other, non-parties' interests will not likely be adversely affected by a delay in the civil proceedings.   Arguably, the interests of all non-parties would be served by permitting the District Attorney's fact-finding investigation to be completed before commencement of civil discovery.

**E.      Interests of Public in Pending Civil and Criminal Litigation**

A fifth factor is the interests of the public in the pending civil and criminal actions.  Certainly, public policy favors fair trials, where issues are fully litigated.  The public also has a strong interest in protecting and preserving the defendants' constitutional rights.   Although the public also has an interest in speedy trials, protecting a party's constitutional rights is paramount.  The Ninth Circuit in *Keating*, *supra*, cautioned against giving undue consideration to a proceeding's impact on the public.  The court stated, "In such high visibility situations, it is especially necessary to guard the rights of defendants, and concern for the public deterrence value of an enforcement proceeding must not be allowed to override the individual defendant's due process rights." *Keating* at 326.

This is not a case where a stay of discovery will cause immediate and serious harm to a compelling public interest.  Compare *Brock v. Tolkow*, 109 F.R.D. 116, 119, 120 (E.D. N.Y. 1985) (granted stay despite allegations of serious ERISA violations because no tangible public harm, i.e., no allegation that planned beneficiaries were not receiving benefits), with *SEC v. Dresser Industries*, *supra*,

628 F.2d at 1377 (denied stay to avoid the "[d]issemination of false or misleading information by companies to members of the investing public"). In the instant case, the public's interest would be served by imposing a stay on civil discovery while the District Attorney's fact-finding investigation proceeds.

While the plaintiffs certainly have an interest in pursuing discovery and trial in this matter, legally and equitably the plaintiffs' interests in having the stay denied are far outweighed by the burden on the defendants' constitutional rights resulting from such a denial. The interests of both parties must be weighed in considering the issuance of a stay. The effect on defendants' Fifth Amendment privilege against self-incrimination far exceeds plaintiffs' desire to pursue speedy discovery and trial. A stay in the proceeding will not irrevocably prejudice plaintiffs in the pursuit of their claims but will merely delay it for a reasonable amount of time. However, denial of the request for a stay of these proceedings will violate the defendants' constitutional rights and undermine concepts of fundamental fairness.

In summary, in weighing the interests of all parties, the Court, and the public, the balance clearly tips in favor of staying discovery as to the civil defendants in order to preserve their Fifth Amendment rights.

## IV.

## DEFENDANTS REQUEST A STAY OF PROCEED-INGS FOR SIX MONTHS WITH A REQUIREMENT THAT DEFENDANTS PROVIDE STATUS REPORTS TO THE COURT AND PLAINTIFFS EVERY 60 DAYS

At this time, defendants are requesting a stay of proceedings of six months, or until June 3, 2014. The defendants are willing to provide the Court and plaintiffs with status reports every 60 days as to the status of the District Attorney's Office investigation. If the Ventura County District Attorney's Office issues its report

/ / /

WISOTSKY, PROCTER & SHYER
ATTORNEYS AT LAW
300 ESPLANADE DRIVE, SUITE 1500
OXNARD, CALIFORNIA 93036
TELEPHONE (805) 278-0920

1  before the expiration of the six-month period, defendants will notify the Court and

2  parties within ten days of receipt of such information.

3       Defendants recognize that a six-month stay will necessitate a continuance of

4  the current April 15, 2014, trial date and the related pretrial hearing date.  However,

5  given the fundamental constitutional rights protected by the stay, defendants believe

6  that a continuance of the trial would be both appropriate and fair.  If the stay is

7  granted, defendants will work with the Court and the plaintiffs to stipulate to a

8  continuance of the trial date.

9                                         **V.**

10                                  **CONCLUSION**

11      Defendants respectfully request that the Court order a stay of the civil

12  proceedings for a period of six months, or until June 3, 2014, and that defendants be

13  required to file status reports every 60 days as to the status of the District Attorney's

14  investigation.  If the District Attorney's investigation is not completed within the

15  six-month period, defendants will request that the Court reexamine this issue at the

16  expiration of the six-month stay.

17

18  DATED:  November 5, 2013          WISOTSKY, PROCTER & SHYER

19

20                                  By: _____
                                        Brian P. Keighron
21                                      Attorneys for Defendants,
                                        CITY OF OXNARD, OXNARD POLICE
22                                      DEPARTMENT, JERI WILLIAMS, JOHN
                                        BRISSLINGER, ERNIE OROZCO, DON
23                                      EHRHARDT, JESS ARAGON, ROCKY
                                        MARQUEZ, PEDRO RODRIGUEZ, RYAN
24                                      LOCKNER, ZACK STILES, and
                                        MATTHEW ROSS

25

26

27

28

WISOTSKY, PROCTER & SHYER
ATTORNEYS AT LAW
300 ESPLANADE DRIVE, SUITE 1500
OXNARD, CALIFORNIA 93036
TELEPHONE (805) 278-0920

15

## DECLARATION OF BRIAN P. KEIGHRON

I, Brian P. Keighron, declare:

1.    I am an attorney licensed to practice law before all the courts of the State of California, the United States District Court, Central District of California, the Ninth Circuit Court of Appeals, and the United States Supreme Court.  I am with the law offices of Wisotsky, Procter & Shyer, attorneys for defendants.  If called to testify in this matter, I could and would competently testify to the following facts.

2.    Plaintiffs in this action have filed a civil complaint for damages arising out of the shooting death of defendant Alfonso Limon, Jr., on October 13, 2012, in Oxnard, California.

3.    I am informed and believe that the Ventura County District Attorney's Office has commenced a criminal investigation of the shooting incident and that the investigation will take several months to complete.  See Declaration of Senior Deputy District Attorney Christopher Harman, attached to this motion as page 19.

4.    The possibility of seeking a stay of proceedings because of Fifth Amendment concerns was first raised by me at the May 16, 2013, early meeting of counsel.

5.    I am informed that the issue was also raised by defense attorney Alan E. Wisotsky at the June 11, 2013, scheduling conference before the Court.

6.    Both the plaintiffs and the defendants held off propounding discovery on any party in this case until October 7, 2013.

7.    On October 7, 2013, plaintiffs' lead counsel, Adam Shea, and I exchanged e-mails exploring the possibility of continuing the trial to fall, 2014, because of the pending criminal investigation by the Ventura County District Attorney's Office.  I proposed a trial date of October 21, 2014, and offered to prepare a stipulation to modify the scheduling order.  Mr. Shea replied that he would check to make sure it was not a problem.

/ / /

WISOTSKY, PROCTER & SHYER
ATTORNEYS AT LAW
300 ESPLANADE DRIVE, SUITE 1500
OXNARD, CALIFORNIA 93036
TELEPHONE (805) 278-0920

8.    On October 10, 2013, I received a call from Mr. Shea's office indicating that they wanted to schedule PMK depositions during the week of November 18, 2013.  That day, plaintiffs' counsel's office sent notices of a deposition and request for production of the City of Oxnard PMK and Oxnard Police Department PMK for November 19, 2013.  I received those notices in the mail on October 15, 2013.

9.    On October 24, 2013, I received notices of deposition and requests for production of documents for the nine individual police officer defendants, as follows:

> (a)    Officer John Brisslinger – November 26, 2013;
>
> (b)    Officer Ernie Orozco – November 27, 2013;
>
> (c)    Officer Don Ehrhardt – December 2, 2013;
>
> (d)    Officer Jess Aragon – December 3, 2013;
>
> (e)    Officer Rocky Marquez – December 4, 2013;
>
> (f)    Officer Pedro Rodriguez – December 5, 2013;
>
> (g)    Officer Ryan Lockner – December 6, 2013;
>
> (h)    Officer Zack Stiles – December 9, 2013; and
>
> (i)    Officer Matt Ross – December 10, 2013.

10.    The next day, October 25, 2013, I sent a meet-and-confer letter by e-mail and regular mail to all three plaintiffs' counsel, informing them that I was going to file a motion for stay of proceedings and a request for a protective order and the reasons therefor.  I also requested that plaintiffs' counsel contact me regarding the meet and confer for the motion.

11.    On November 4, 2013, I spoke to Mr. Shea regarding the motion. Mr. Shea indicated that while the plaintiffs would like to conduct discovery, he understands the situation and does not anticipate opposing the motion to stay proceedings.

12.    I believe that the defendants in this case would be prejudiced if forced to assert their Fifth Amendment rights in response to deposition questions or other ///

WISOTSKY, PROCTER & SHYER
ATTORNEYS AT LAW
300 ESPLANADE DRIVE, SUITE 1500
OXNARD, CALIFORNIA 93036
TELEPHONE (805) 278-0920

17

1   discovery in this case and that, therefore, a stay of proceedings should be issued

2   pending the completion of the Ventura County District Attorney's investigation.

3         I declare under penalty of perjury under the laws of the United States of

4   America that the foregoing is true and correct.

5         Executed on November 5, 2013, at Oxnard, California.

6

7   _____

8   BRIAN P. KEIGHRON

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

WISOTSKY, PROCTER & SHYER
ATTORNEYS AT LAW
300 ESPLANADE DRIVE, SUITE 1500
OXNARD, CALIFORNIA 93036
TELEPHONE (805) 278-0920

Re:  *Limon v. City of Oxnard, et al.*
USDC Case No. CV13-01961 SS

## DECLARATION OF CHRISTOPHER HARMAN

I, Christopher Harman, declare as follows:

1.     I am a senior deputy district attorney with the Ventura County District Attorney's Office.  If called to testify in this matter, I could and would competently testify to the following facts.

2.     I am the senior deputy district attorney assigned to the Ventura County District Attorney's Office's investigation of the officer-involved shooting of Alfonso Limon, Jr., on October 13, 2012, in Oxnard, California.  Our office is investigating the facts and circumstances surrounding the shooting, including a determination as to whether any violations of criminal law occurred during the incident.

3.     I can confirm that the investigation is ongoing and will likely take several months to complete.  It is imperative that civil proceedings be stayed until completion of the criminal investigation.  Disclosure of confidential investigative materials will compromise the District Attorney's Office's ability to interview witnesses and fully and completely determine the facts and circumstances underlying the criminal investigation into the incident.

I declare under penalty of perjury under the laws of the United States of America that the foregoing information is true and correct.

Executed this  1ST  day of November, 2013, at Ventura, California.

CHRISTOPHER HARMAN

WISOTSKY, PROCTER & SHYER
ATTORNEYS AT LAW
300 ESPLANADE DRIVE, SUITE 1500
OXNARD, CALIFORNIA 93036
TELEPHONE (805) 278-0920

19